UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

EDWARD MCSWAIN; LAURA MCSWAIN,

    Plaintiffs,

v.

WELLS FARGO HOME MORTGAGE, INC., et al.,

    Defendants.

2:10-CV-630 JCM (PAL)

**ORDER**

  Presently before the court is defendant Wells Fargo Bank, N.A.'s (hereafter "defendant") motion to dismiss (Doc. #6), filed on May 7th, 2010.  Plaintiffs Edward McSwain and Laura McSwain (hereinafter "plaintiff") filed an opposition to the motion to dismiss on May 24, 2010 (Doc. #11), to which defendant filed a reply (Doc. #12) on June 3rd, 2010.

  Plaintiff filed the complaint in the Clark County district court on April 15, 2010, against defendant. (Doc. #1).  Defendant removed this action to federal court (Doc. #1) on April 30, 2010, on diversity grounds. Plaintiff's complaint contains the following seven claims for relief against the defendant: 1) declaratory relief; 2) injunctive relief; 3) breach of contract; 4) breach good faith and fair dealing; 5) inspection and accounting; 6) unfair lending practices pursuant to N.R.S. § 598(d); and 7) deceptive trade practices. (Doc. # 1.)

  Plaintiff's claims stem from the pending foreclosure of her property located at 12083 Whitehills Street, Las Vegas, Nevada 89141 (the "property").  In May 2005, plaintiff executed the

**James C. Mahan**
**U.S. District Judge**

notes and corresponding deeds of trust in connection with the property to the defendant. Plaintiff ceased making mortgage payments in December 2008. On May 19, 2009, a notice of default was issued. After the foreclosure sale was postponed, on April 21, 2010, the Eighth Judicial Court of Nevada entered a preliminary injunction, enjoining any pending sale. The plaintiff seeks a declaratory judgement stating defendant breached the loan agreement and is obligated and has failed to engage in good faith negotiation with plaintiff. In addition, plaintiff seeks injunctive relief to prevent defendant from a non-judicial foreclosure along with money damages, actual and punitive, and attorney's fees. (Doc. # 1.)

Defendant now seeks to dismiss plaintiff's complaint for failure to state claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6), or a partial summary judgement in the alternative, Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d) (converting a motion to dismiss into a summary judgment). A complaint that lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory may be dismissed as a matter of law. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984).

The Supreme Court has held that a complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Thus, a plaintiff must plead more than conclusory allegations to show "plausible liability" and avoid dismissal. *Id.* at 1966 n. 5. As plaintiff failed to plead more than conclusory allegations and her complaint lacked any cognizable legal theories, dismissal is appropriate as explained below.

Plaintiff's first cause of action for declaratory relief is dismissed because the Nevada statutory law that forms the basis of the claim is preempted by federal regulations. Federal regulations pertaining to national banks displace contrary state regulations. *E.g.*, *Wells Fargo Bank N.A. v. Boutris*, 419 F.3d 949, 962 (9th Cir. 2005). Plaintiffs's declaratory relief is based on a Nevada law imposing a duty to disclose, a regulation expressly preempted by federal law. *See* 12 C.F.R § 34.4. Therefore, there is no plausible claim to form a basis for any relief.

Plaintiff's second cause of action for injunctive relief states no facts constituting a plausible

**James C. Mahan
U.S. District Judge**

claim. An injunction is intended to preserve that status quo contingent on a claim likely to succeed. *See Danberg Holding Nev., LLC v. Douglas County*, 978 P.2d 311, 319-20 (Nev. 1999). Here, no such claim has been pleaded.

Plaintiff's third cause of action for breech of contract fails to allege facts necessary to support such a claim. Plaintiff pleads no fact describing the contract terms that were alleged to have been breached.

Plaintiff's fourth cause of action, breach of the implied covenant of good faith and fair dealing, fails to allege the facts necessary to support such a claim. For a plaintiff to prevail on a claim of breach of the covenant of good faith and fair dealing, a plaintiff must prove: 1) the plaintiff and defendant were parties to a contract; 2) the defendant owed a duty of good faith and fair dealing to the plaintiff; 3) the defendant breached the duty by performing its contractual obligations in a manner unfaithful to the purpose of the contract; and 4) the plaintiff's justified expectations were therefore denied. *See Perry v. Jordan*, 134 P.3d 698, 702 (Nev. 2006) (citing *Hilton Hotels Corp. v. Butch Lewis Prod. Inc.*, 808 P.2d 919, 922-23 (Nev. 1991).

Here, plaintiff premises the breach on a state regulation to disclose, but as discussed above, this Nevada law is preempted by federal law. *See* 12 C.F.R § 34.4. Further, plaintiff's assertion that there is an implied duty to permit contract modifications is misplaced as it runs counter to the statute of frauds. *See* 37 C.J.S. Stat. Frauds 95. (requiring renewed consent for contractual modification). Thus, plaintiff can not claim that expectations of fair dealing were violated.

Plaintiff's fifth cause of action requesting inspection and accounting is dismissed. The underlying cause of action for this equitable relief is not identified, but seems to be premised on preempted state law that can not be considered as discussed above. *See* 12 C.F.R § 34.4. Thus, plaintiff does not state a plausible legal theory making the McSwains' request for relief not possible.

Plaintiff's sixth cause of action alleging unfair business practices should be dismissed. The claim is based on Nevada Revised Statute 598D and fails because plaintiff made no specific allegations of particular acts or omissions by the defendant that constitute violations of the Nevada Revised Statute 598D.

**James C. Mahan**
**U.S. District Judge**

1    Plaintiff's seventh cause of action for deceptive trade practice fails to meet the required
2 pleading standard of particularity with respect to time, place and manner of the alleged conduct. Fed.
3 R. Civ. P. 9(b). Plaintiff does not state how defendant acted as accused anywhere in the complaint,
4 and thus the claim must be dismissed.
5    THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant
6 Wells Fargo Bank N.A.'s  motion to dismiss (Doc. #6), is GRANTED. Plaintiff's complaint as to
7 defendant Wells Fargo Bank N.A. is dismissed, without prejudice.
8    DATED June 16, 2010.

                                    _____
                                    **UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -